IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No.: 1:20-cv-241

PENNY WORSLEY, )
)
Plaintiff, )
)
v. )
)
BAGWELL HOLT SMITH P.A., )
AMBERLYNN VALLEY HOMEOWNERS )
ASSOCIATION, INC., and COMMUNITY )
ASSOCIATION MANAGEMENT, LIMITED, )
)
Defendants. )
)

**MOTION TO DISMISS**
**[FRCP RULE 12(b)(1) and RULE 12(b)(6)]**

NOW COME Defendants Amberlynn Valley Homeowners Association, Inc. and Community Association Management, Limited, and move pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint as subject matter jurisdiction is lacking with respect to Movants and, in the alternative, that Plaintiff's Complaint fails to state a claim upon which relief can be granted. In particular, the Complaint alleges that jurisdiction is proper pursuant to "28 U.S.C. §§ 1331 and 1367, as well as 15. U.S.C. § 1692k(d)". [DE 1, ¶ 2] 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," while 28 U.S.C. § 1367(a)

1

provides supplemental jurisdiction over other claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Movants submit that Plaintiff's claims against them are not sufficiently related to Plaintiff's federal law claims in this action that they form part of the same case or controversy.

Moreover, 28 U.S.C. § 1367(c) allows district courts to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if-" among other things, "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c)(2).  Here, Plaintiff's Complaint asserts three causes of action: (1) Fair Debt Collection Practices Act violations against Defendant Bagwell Holt Smith P.A.; (2) North Carolina Debt Collection Act violations against Amberlynn Valley Homeowners Association, Inc. and Community Association Management, Limited; and (3) an alternative claim for North Carolina Collection Agency Act violations against Community Association Management, Limited.  Amberlynn Valley Homeowners Association, Inc. and Community Association Management, Limited assert that Plaintiff's claims against them substantially predominate over the single claim against Bagwell Holt Smith P.A. that Plaintiff contends should confer jurisdiction over all of the parties hereto pursuant to "28 U.S.C. §§ 1331 and 1367, as well as 15. U.S.C. § 1692k(d)".  [DE 1, ¶ 2]

In the alternative, Movants submit that Plaintiff's claims against them are preempted by the Bankruptcy Code pursuant to existing case law and in light of

2

Plaintiff's allegations and claims asserted in a bankruptcy adversary proceeding that was filed concurrently with the filing of the Complaint that initiated this action.

WHEREFORE, as set forth in this Motion and the accompanying memorandum of law, the Complaint against Defendants Amberlynn Valley Homeowners Association, Inc. and Community Association Management, Limited should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), and in the alternative pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted this 11th day of May, 2020.

**RAGSDALE LIGGETT PLLC**

By: /s/ *William W. Pollock*
William W. Pollock
N.C. Bar No. 19381
Email: bpollock@rl-law.com
David G. Williams
N.C. Bar No. 48161
Email: dwilliams@rl-law.com
PO Box 31507
Raleigh, NC 27622-1507
Phone: (919) 787-5200
Fax: (919) 783-8991
*Counsel for Defendants Amberlynn*
  *Valley Homeowners Association, Inc.*
  *and Community Association*
  *Management, Limited*

3