IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:20-CV-00241

| | | |
|---|---|---|
| PENNY WORLSEY, | ) | |
| PLAINTIFF | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT BAGWELL HOLT** |
| BAGWELL HOLT SMITH P.A., | ) | **SMITH P.A.'S ANSWER AND** |
| AMBERLYNN VALLEY | ) | **DEFENSES** |
| HOMEOWNERS ASSOCIATION, INC. | ) | **(JURY TRIAL DEMANDED)** |
| AND COMMUNITY ASSOCIATION | ) | |
| MANAGEMENT, LIMITED, | ) | |
| DEFENDANT | ) | |

NOW COMES Defendant Bagwell Holt Smith, P.A. ("Bagwell"), by and through undersigned counsel, and responds to Plaintiff's Complaint [DE 1] as follows:

FIRST DEFENSE

Insofar as Defendant Bagwell may be liable on the Plaintiff's allegations in her Complaint Bagwell pleads the defense of unintentional violations resulting from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

As to the circumstances of the error, insofar as this Court finds an error in the amount of the debt the defendants variously alleged due from the Plaintiff, then it should find that the amount of the debt was a mistake of fact and that Bagwell was therefore

mistaken in fact as to the amount of the debt owed by Plaintiff to Amberlynn, stated to Plaintiff by Bagwell in Bagwell's October 29, 2019, letter to Plaintiff and Bagwell's November 4, 2019, Claim of Lien, which error resulted from Bagwell's good-faith belief that its clients, Plaintiff's homeowners association and account manager, accurately calculated the Plaintiff's homeowners association accounts.

## SECOND DEFENSE

Insofar as Defendant Bagwell may be liable on the Plaintiff's allegations in her Complaint Bagwell pleads the defense of reasonable and good-faith reliance on account information received from its client.

## THIRD DEFENSE

Defendant Bagwell pleads offset in bar of any award to Plaintiff in this action, based on any award Plaintiff may receive in its companion case brought at In re: Penny Worsley, Penny Worsley v. Amberlynn Valley Homeowners Association, Inc., et al., No. 20-09004 (Bankr. M.D.N.C. March 13, 2020), alleging the same facts and circumstances as alleged herein.

## FOURTH DEFENSE

Defendant Bagwell pleads the Notice of Termination executed by Richard M. Hutson, II, Standing Trustee in connection with Plaintiff's Chapter 13 bankruptcy, and

2

recorded at Book 8773, Page 41, Durham County Register of Deeds, on October 10, 2019, in defense of the allegations made against Bagwell in this action.

FIFTH DEFENSE

Defendant Bagwell reserves the right to plead additional defenses as they appear in the course of discovery in this action.

ANSWER TO COMPLAINT

Having raised the foregoing defenses, Defendant Bagwell responds to the enumerated allegations of the Plaintiff's Complaint as follows:

1. Paragraph 1 of the Plaintiff's Complaint is an introductory paragraph and requires no response. Insofar as a response is required, except insofar as the Complaint speaks for itself, denied.

2. Bagwell admits this Court's jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). The rest and remainder of the allegations of Paragraph 2 of Plaintiff's Complaint state legal conclusions or are directed towards other defendants in this Action, and no response thereto is required. Insofar as a response is required, the rest and remainder of the allegations in Paragraph 2 of the Plaintiff's Complaint are denied upon information and belief.

3. Admitted upon information and belief.

4. Bagwell admits upon information and belief that Plaintiff has a homeowners association account with Amberlynn Homeowners Association, Inc.

3

("Amberlynn"), which at times has been serviced by Community Association
Management, Limited ("CAM"), and which account information was forwarded to
Bagwell by CAM to seek payment from Plaintiff of amounts CAM reported as
duly owed from Plaintiff. Bagwell further admits filing a claim of lien against
Plaintiff's property at 3131 Ivey Wood Lane, Durham NC 27703 on November 4,
2019. The rest and remainder of the allegations in Paragraph 4 of the Plaintiff's
Complaint are denied.

5. Paragraph 5 of the Plaintiff's Complaint states a legal conclusion for which no
response is required. Insofar as a response is required, denied upon information
and belief.

6. Paragraph 6 of the Plaintiff's Complaint states a legal conclusion directed at other
Defendants in this Action, and for which no response is required. Insofar as a
response is required, denied upon information and belief.

7. Paragraph 7 of the Plaintiff's Complaint states a legal conclusion directed at other
Defendants in this Action, and for which no response is required. Insofar as a
response is required, denied upon information and belief.

8. Paragraph 8 of the Plaintiff's Complaint states a legal conclusion for which no
response is required. Insofar as a response is required, denied upon information
and belief.

4820-9653-7788, v. 1

9. Paragraph 9 of the Plaintiff's Complaint states a legal conclusion directed at other Defendants in this Action, and for which no response is required. Insofar as a response is required, denied upon information and belief.

10. Paragraph 10 of the Plaintiff's Complaint states a legal conclusion directed at other Defendants in this Action, and for which no response is required. Insofar as a response is required, denied upon information and belief.

11. Admitted.

12. Admitted.

13. Admitted.

14. Paragraph 14 of the Plaintiff's Complaint states a legal conclusion for which no response is required. Insofar as a response is required, Bagwell admits that part of its practice involves collecting debts alleged as due to its clients, and the rest and remainder of the allegations of Paragraph 14 of the Plaintiff's Complaint are denied upon information and belief.

15. Bagwell admits that part of its practice involves collecting debts alleged as due to its clients, and that Bagwell uses the mail and telephone in this part of its practice. The rest and remainder of the allegations in Paragraph 15 of the Plaintiff's Complaint are denied upon information and belief.

16. Defendant Bagwell admits that it received account information related to Plaintiff's account with defendant Amberlynn from CAM, and that the account information Bagwell received indicated that the Plaintiff was not current on its

5

payments due to Amberlynn.  The rest and remainder of the allegations in Paragraph 16 of Plaintiff's Complaint are denied.

17. Admitted.

18. Paragraph 18 of the Plaintiff's Complaint states a legal conclusion for which no response is required.  Insofar as a response is required, denied upon information and belief.

19. Paragraph 19 of the Plaintiff's Complaint is directed at other defendants in this action, and requires no response from Bagwell.  Insofar as a response is required, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Plaintiff's Complaint, and the same are therefore denied.

20. Paragraph 20 of the Plaintiff's Complaint is directed at other defendants in this action, and requires no response from Bagwell.  Insofar as a response is required, except as otherwise admitted by Bagwell herein, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Plaintiff's Complaint, and the same are therefore denied.

21. Paragraph 21 of the Plaintiff's Complaint is directed at other defendants in this action, and requires no response from Bagwell.  Insofar as a response is required, except as otherwise admitted by Bagwell herein, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Plaintiff's Complaint, and the same are therefore denied.

6

22. Paragraph 22 of the Plaintiff's Complaint states a legal conclusion directed at other defendants in this action, and requires no response from Bagwell. Insofar as a response is required, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Plaintiff's Complaint, and the same are therefore denied.

23. Paragraph 23 of the Plaintiff's Complaint is directed at other defendants in this action, and requires no response from Bagwell. Insofar as a response is required, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Plaintiff's Complaint, and the same are therefore denied.

24. Paragraph 24 of the Plaintiff's Complaint is directed at other defendants in this action, and requires no response from Bagwell. Insofar as a response is required, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Plaintiff's Complaint, and the same are therefore denied.

25. Paragraph 25 of the Plaintiff's Complaint is directed at other defendants in this action, and requires no response from Bagwell. Insofar as a response is required, except as otherwise admitted by Bagwell herein, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Plaintiff's Complaint, and the same are therefore denied.

4820-9653-7788, v. 1

26. Paragraph 26 of the Plaintiff's Complaint is directed at other defendants in this action, and requires no response from Bagwell. Insofar as a response is required, except as otherwise admitted by Bagwell herein, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Plaintiff's Complaint, and the same are therefore denied.

27. Paragraph 27 of the Plaintiff's Complaint is directed at other defendants in this action, and requires no response from Bagwell. Insofar as a response is required, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Plaintiff's Complaint, and the same are therefore denied.

28. Paragraph 28 of the Plaintiff's Complaint is directed at other defendants in this action, and requires no response from Bagwell. Insofar as a response is required, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Plaintiff's Complaint, and the same are therefore denied.

29. Paragraph 29 of the Plaintiff's Complaint states a legal conclusion directed at other defendants in this action, and requires no response from Bagwell. Insofar as a response is required, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Plaintiff's Complaint, and the same are therefore denied.

4820-9653-7788, v. 1

30. Paragraph 30 of the Plaintiff's Complaint states a legal conclusion directed at other defendants in this action, and requires no response from Bagwell.  Insofar as a response is required, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 30 of the Plaintiff's Complaint, and the same are therefore denied.

31. Admitted upon information and belief.

32. Admitted upon information and belief.

33. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

34. Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves.  Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 34 of the Plaintiff's Complaint, and the same is therefore denied upon information and belief.

35. Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves.  Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 35 of the

9

Plaintiff's Complaint, and the same is therefore denied upon information and belief.

36. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Plaintiff's Complaint, and the same is therefore denied upon information and belief.

37. Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 37 of the Plaintiff's Complaint, and the same is therefore denied upon information and belief.

38. Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 38 of the Plaintiff's Complaint, and the same is therefore denied upon information and belief.

39. Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), and any standing orders of the United States Bankruptcy Court for the Middle District of North Carolina, speak for themselves. Bagwell is without sufficient information to form

4820-9653-7788, v. 1

a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 39 of the Plaintiff's Complaint, and the same is therefore denied upon information and belief.

40. Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 40 of the Plaintiff's Complaint, and the same is therefore denied upon information and belief.

41. Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 41 of the Plaintiff's Complaint, and the same is therefore denied upon information and belief.

42. Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 42 of the Plaintiff's Complaint, and the same is therefore denied upon information and belief.

4820-9653-7788, v. 1

43. Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 43 of the Plaintiff's Complaint, and the same is therefore denied upon information and belief.

44. Paragraph 44 of the Plaintiff's Complaint states legal conclusions for which no response is required. Insofar as a response is required, Bagwell admits that the amounts owed by Plaintiff to Amberlynn for ongoing homeowners association dues was the subject of an interest of record in Plaintiff's home in the Amberlynn community, and admits upon information and belief the content of the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), which speak for themselves. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 44 of the Plaintiff's Complaint, and the same is therefore denied upon information and belief.

45. Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 45 of the

4820-9653-7788, v. 1

Plaintiff's Complaint, and the same is therefore denied upon information and belief.

46. Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 46 of the Plaintiff's Complaint, and the same is therefore denied upon information and belief.

47. Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 47 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

48. Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 48 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

4820-9653-7788, v. 1

49. Paragraph 49 of the Plaintiff's Complaint states a legal conclusion for which no response is required. Insofar as a response is required, Federal Rule of Bankruptcy Procedure 3002.1(a) speaks for itself, and Paragraph 49 of the Plaintiff's Complaint is otherwise denied upon information and belief.

50. Paragraph 50 of the Plaintiff's Complaint states a legal conclusion for which no response is required. Insofar as a response is required, Federal Rule of Bankruptcy Procedure 3002.1(b) speaks for itself, and Paragraph 50 of the Plaintiff's Complaint is otherwise denied upon information and belief.

51. Paragraph 51 of the Plaintiff's Complaint states a legal conclusion for which no response is required. Insofar as a response is required, Federal Rule of Bankruptcy Procedure 3002.1(c) speaks for itself, and Paragraph 51 of the Plaintiff's Complaint is otherwise denied upon information and belief.

52. Paragraph 52 of the Plaintiff's Complaint states a legal conclusion for which no response is required. Insofar as a response is required, Federal Rule of Bankruptcy Procedure 3002.1(e) speaks for itself, and Paragraph 52 of the Plaintiff's Complaint is otherwise denied upon information and belief.

53. Paragraph 53 of the Plaintiff's Complaint states a legal conclusion for which no response is required. Insofar as a response is required, Federal Rule of Bankruptcy Procedure 3002.1(f) and (g) speak for themselves, and Paragraph 53 of the Plaintiff's Complaint is otherwise denied upon information and belief.

4820-9653-7788, v. 1

54. Except as otherwise admitted herein, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 54 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

55. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 55 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

56. Paragraph 56 of the Plaintiff's Complaint states a legal conclusion to which no response is required. Insofar as a response is required, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 56 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

57. Paragraph 57 of the Plaintiff's Complaint states a legal conclusion to which no response is required. Insofar as a response is required, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 57 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

58. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 58 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

4820-9653-7788, v. 1

59. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 59 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

60. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 60 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

61. Paragraph 61 of the Plaintiff's Complaint states a legal conclusion to which no response is required. Insofar as a response is required, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 61 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

62. Paragraph 62 of the Plaintiff's Complaint states a legal conclusion to which no response is required. Insofar as a response is required, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 62 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

63. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 63 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

64. Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for

4820-9653-7788, v. 1

themselves. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 64 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

65. Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 65 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

66. Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 66 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

67. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 67 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

4820-9653-7788, v. 1

68. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 68 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

69. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 69 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

70. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 70 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

71. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 71 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

72. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 72 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

73. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 73 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

74. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 74 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

4820-9653-7788, v. 1

75. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 75 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

76. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 76 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

77. Bagwell admits that the alleged September 24, 2019, letter speaks for itself. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 77 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

78. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 78 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

79. Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 79 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

4820-9653-7788, v. 1

80. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 80 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

81. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 81 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

82. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 82 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

83. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 83 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

84. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 84 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

85. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 85 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

86. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 86 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

4820-9653-7788, v. 1

87. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 87 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

88. Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 88 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

89. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 89 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

90. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 90 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

91. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 91 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

92. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 92 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

4820-9653-7788, v. 1

93. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 93 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

94. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 94 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

95. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 95 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

96. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 96 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

97. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 97 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

98. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 98 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

99. Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 99 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

4820-9653-7788, v. 1

100.    Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 100 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

101.    Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 101 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

102.    Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 102 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

103.    Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 103 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

104.    Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 104 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

105.    Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 105 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

106.    Bagwell admits that it received account balance information for the Plaintiff from CAM and used the account balance information it received from CAM in preparing the "Claim of Lien by Homeowners Association" BHS filed on

4820-9653-7788, v. 1

November 4, 2019, in the good-faith belief that Plaintiff did actually owe the amounts stated therein. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 106 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

107.    Admitted.

108.    Paragraph 108 of the Plaintiff's Complaint states a legal conclusion for which no response is required. Insofar as a response is required, Bagwell admits that its October 29, 2019, letter to Plaintiff speaks for itself, but denies the rest and remainder of the allegations in Paragraph 108 of the Plaintiff's Complaint upon information and belief.

109.    Paragraph 109 of the Plaintiff's Complaint states a legal conclusion for which no response is required. Insofar as a response is required, Bagwell admits that its October 29, 2019, letter to Plaintiff speaks for itself, but denies the rest and remainder of the allegations in Paragraph 109 of the Plaintiff's Complaint upon information and belief.

110.    Paragraph 110 of the Plaintiff's Complaint states a legal conclusion for which no response is required. Insofar as a response is required, Bagwell admits that its October 29, 2019, letter to Plaintiff speaks for itself and that it acted in good faith upon the debt amounts it received for Plaintiff's homeowners association account from the remaining defendants in this action, but denies the

4820-9653-7788, v. 1

rest and remainder of the allegations in Paragraph 110 of the Plaintiff's Complaint upon information and belief.

111.    Bagwell admits that it prepared a "Claim of Lien by Homeowners Association," that said Claim of Lien speaks for itself, and that a copy of the Claim of Lien was enclosed with the October 29, 2019, letter from Bagwell to Plaintiff.  The rest and remainder of the allegations in Paragraph 111 of the Plaintiff's Complaint are denied upon information and belief.

112.    Paragraph 112 of the Plaintiff's Complaint states a legal conclusion to which no response is required.  Insofar as a response is required, denied upon information and belief.

113.    Bagwell admits that it received account balance information for the Plaintiff's homeowners association account with Amberlynn from CAM, and used the account balance information it received from CAM in preparing the "Claim of Lien by Homeowners Association" Bagwell filed on November 4, 2019, and further admits that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves.  Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 113 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

114.    Bagwell admits that it filed a "Claim of Lien by Homeowners Association" and that it did not seek relief from any automatic stay in *In re Worsley*, Case No.

4820-9653-7788, v. 1

14-80074 (Bankr. M.D.N.C.). The rest and remainder of the allegations in Paragraph 114 of the Plaintiff's Complaint are denied upon information and belief.

115.     Bagwell admits that the "Claim of Lien by Homeowners Association" it filed on November 4, 2019, speaks for itself, and that Bagwell filed said Claim of Lien in good faith with the purpose of securing Amberlynn's rights to unpaid homeowners association dues as (and in the amounts) communicated to Bagwell by CAM on behalf of Amberlynn. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 115 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

116.     Paragraph 116 of the Plaintiff's Complaint states a legal conclusion for which no response is required. Insofar as a response is required, Bagwell admits that its October 29, 2019, letter to Plaintiff speaks for itself, but denies the rest and remainder of the allegations in Paragraph 116 of the Plaintiff's Complaint upon information and belief.

117.     Bagwell admits that it filed a "Claim of Lien by Homeowners Association" with the Durham County Clerk of Court on November 4, 2019, in the good-faith belief that Plaintiff did actually owe the amounts stated therein as reported to Bagwell by CAM on behalf of Amberlynn, and that said Claim of Lien speaks for itself. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 117 of the

26

Plaintiff's Complaint, and the same are therefore denied upon information and belief.

118.    Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves.  Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 118 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

119.    Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves.  Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 119 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

120.    Admitted upon information and belief only to the extent that the docket and records in *In re Worsley*, Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves.  Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 120 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

4820-9653-7788, v. 1

121.    Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 121 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

122.    Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 122 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

123.    Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 123 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

124.    Bagwell admits that on January 29, 2020, Plaintiff's attorney's office sent an email to Bagwell stating that monthly Amberlynn homeowners association dues were paid through Plaintiff's chapter 13 plan, with reference to an "attached notice that she received in regards to this." Bagwell admits that said January 29, 2020, email speaks for itself. Bagwell is without sufficient information to form a belief as to the truth or falsity of the rest and remainder of the allegations in Paragraph 124 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

125.    Admitted.

126.    Bagwell admits that it worked with Plaintiff's counsel over email to address the November 4, 2019, claim of lien and the October 29, 2019, letter from BHS to Plaintiff, to understand and ultimately resolve Plaintiff's concerns, and that those

28

4820-9653-7788, v. 1

emails speak for themselves. The rest and remainder of the allegations in Paragraph 126 of Plaintiff's Complaint are denied upon information and belief.

127.     Admitted.

128.     Bagwell admits that on January 30, 2020, Plaintiff's counsel sent an email to Ms. Tulis, admits that said email speaks for itself. The rest and remainder of the allegations in Paragraph 128 of the Plaintiff's Complaint are denied upon information and belief.

129.     Admitted.

130.     Paragraph 130 of the Plaintiff's Complaint states a legal conclusion for which no response is required. Insofar as a response is required, Bagwell admits that Bagwell's January 31, 2020, email speaks for itself and admits the contents of said email, and admits that at the time of said email Bagwell put all collection efforts on hold until it could determine what notices had or had not been sent by Bagwell's client. The rest and remainder of the allegations in Paragraph 130 of Plaintiff's Complaint are denied.

131.     Bagwell admits that Bagwell's January 31, 2020, email speaks for itself. The rest and remainder of the allegations in Paragraph 131 of Plaintiff's Complaint are denied.

132.     Bagwell admits that Bagwell's January 31, 2020, email speaks for itself and admits the contents of said email. The rest and remainder of the allegations in Paragraph 132 of Plaintiff's Complaint are denied.

4820-9653-7788, v. 1

133.     Bagwell admits that Bagwell's January 31, 2020, email speaks for itself.

The rest and remainder of the allegations in Paragraph 133 of Plaintiff's

Complaint are denied.

134.     Admitted.

135.     Admitted upon information and belief.

136.     Bagwell admits that the docket, records, and transcript in *In re Worsley*,

Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves.  Bagwell is without

sufficient information to form a belief as to the truth or falsity of the rest and

remainder of the allegations in Paragraph 136 of the Plaintiff's Complaint, and the

same are therefore denied upon information and belief.

137.     Bagwell admits that the docket, records, and transcript in *In re Worsley*,

Case No. 14-80074 (Bankr. M.D.N.C.), speak for themselves.  Bagwell is without

sufficient information to form a belief as to the truth or falsity of the rest and

remainder of the allegations in Paragraph 137 of the Plaintiff's Complaint, and the

same are therefore denied upon information and belief.

138.     The allegations in Paragraph 138 of the Plaintiff's Complaint are directed at

defendants other than Bagwell.  Bagwell is without sufficient information to form

a belief as to the truth or falsity of those allegations, and the same are therefore

denied.

139.     The allegations in Paragraph 139 of the Plaintiff's Complaint are directed at

defendants other than Bagwell.  Bagwell is without sufficient information to form

4820-9653-7788, v. 1

a belief as to the truth or falsity of those allegations, and the same are therefore denied.

140.     The allegations in Paragraph 140 of the Plaintiff's Complaint are directed at defendants other than Bagwell.  Bagwell is without sufficient information to form a belief as to the truth or falsity of those allegations, and the same are therefore denied.

141.     The allegations in Paragraph 141 of the Plaintiff's Complaint are directed at defendants other than Bagwell.  Bagwell is without sufficient information to form a belief as to the truth or falsity of those allegations, and the same are therefore denied.

142.     The allegations in Paragraph 142 of the Plaintiff's Complaint are directed at defendants other than Bagwell.  Bagwell is without sufficient information to form a belief as to the truth or falsity of those allegations, and the same are therefore denied.

143.     The allegations in Paragraph 143 of the Plaintiff's Complaint are directed at defendants other than Bagwell.  Bagwell is without sufficient information to form a belief as to the truth or falsity of those allegations, and the same are therefore denied.

144.     The allegations in Paragraph 144 of the Plaintiff's Complaint state legal conclusions for which no response is required.  Insofar as a response is required, denied upon information and belief.

4820-9653-7788, v. 1

145.     Except as otherwise admitted herein, the allegations in Paragraph 145 of Plaintiff's Complaint are directed at defendants other than Bagwell, Bagwell is without sufficient information to form a belief as to the truth and falsity of those allegations, and Bagwell therefore denies those allegations upon information and belief.

146.     The allegations in Paragraph 146 of the Plaintiff's Complaint are directed at defendants other than Bagwell, Bagwell is without sufficient information to form a belief as to the truth or falsity of those allegations, and the same are therefore denied upon information and belief.

147.     Bagwell admits that on November 4, 2019, it filed a Claim of Lien against Plaintiff's property based in good faith upon information it received from its client regarding account balances due to Amberlynn from Plaintiff.  The rest and remainder of the allegations in Paragraph 147 of Plaintiff's Complaint state legal conclusions for which no response is required, and insofar as a response is required, denied.

148.     Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 148 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

149.     Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 149 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

4820-9653-7788, v. 1

150.	Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 150 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

151.	Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 151 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

152.	Except as otherwise admitted herein, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 152 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

153.	Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 153 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

154.	Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 154 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

155.	The allegations in Paragraph 155 of Plaintiff's Complaint are directed to defendants other that Bagwell, and therefore require no response. Insofar as a response is required, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 155 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

4820-9653-7788, v. 1

156. The allegations in Paragraph 156 of Plaintiff's Complaint are directed to defendants other that Bagwell, and therefore require no response. Insofar as a response is required, Bagwell is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 156 of the Plaintiff's Complaint, and the same are therefore denied upon information and belief.

157. Denied.

158. Paragraph 158 of the Plaintiff's Complaint is a demand for a jury trial and requires no response. Insofar as a response is required, admitted.

159. Paragraph 159 of the Plaintiff's Complaint is a pleading device and requires no response. Insofar as a response is required, denied.

160. Paragraph 160 of the Plaintiff's Complaint states legal conclusions for which no response is required. Insofar as a response is required, then except as otherwise admitted herein, denied in all its parts.

161. Paragraph 161 of the Plaintiff's Complaint is a pleading device and requires no response. Insofar as a response is required, denied.

162. Paragraph 162 of the Plaintiff's Complaint states legal conclusions and is directed at defendants other than Bagwell, and no response is therefore required. Insofar as a response is required, denied in all its parts upon information and belief.

163. Paragraph 163 of the Plaintiff's Complaint is a pleading device and requires no response. Insofar as a response is required, denied.

4820-9653-7788, v. 1

164.    Paragraph 164 of the Plaintiff's Complaint states legal conclusions and is directed at defendants other than Bagwell, and no response is therefore required. Insofar as a response is required, denied in all its parts upon information and belief.

WHEREFORE, Defendant Bagwell Holt Smith, P.A., prays the Court as follows:

1. That Plaintiff have and recover nothing from Defendant Bagwell;

2. That all issues so triable be tried by a jury; and

3. For such other and further relief as this Court deems just and proper.

This the 12th day of May, 2020.

CRANFILL SUMNER & HARTZOG LLP

BY:    /s/ Rabee R. El-Jaouhari
Richard T. Boyette/N.C. Bar No. 7623
Rabee R. El-Jaouhari/N.C. Bar No. 49184
Cranfill Sumner & Hartzog LLP
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone:    (919) 828-5100
Facsimile:    (919) 828-2277
Email: rtb@cshlaw.com
Email: rjaouhari@cshlaw.com
*Attorneys for Defendant Bagwell Holt Smith, PA*

4820-9653-7788, v. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. 1:20-CV-00241

| | | |
|---|---|---|
| PENNY WORLSEY, | ) | |
| PLAINTIFF | ) | |
| | ) | |
| | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| BAGWELL HOLT SMITH P.A., | ) | |
| AMBERLYNN VALLEY | ) | |
| HOMEOWNERS ASSOCIATION, INC. | ) | |
| AND COMMUNITY    ASSOCIATION | ) | |
| MANAGEMENT, LIMITED, | ) | |
| DEFENDANT | ) | |

The undersigned attorney hereby certifies that on May 12, 2020, the forgoing *Answer and Defenses* was filed via CM/ECF, which automatically served counsel of record as set out below:

Craig M. Shapiro
Law Offices of John T. Orcutt, PC
1738 Hillandale Road, Suite D
Durham, North Carolina 27705
cshapiro@johnorcutt.com
Attorney for Plaintiff

David G. Williams
William W. Pollock
Ragsdale Liggett PLLC
P.O. Box 31507
Raleigh, NC 27622-1507
dwilliams@rl-law.com
bpollock@rl-law.com
Attorneys for Defendants Amberlynn
Valley Homeowners Association, Inc.
and Community Association Management, Ltd.

36

This the 12th day of May, 2020.

CRANFILL SUMNER & HARTZOG LLP

BY:   /s/ Rabee R. El-Jaouhari
Richard T. Boyette/N.C. Bar No. 7623
Rabee R. El-Jaouhari/N.C. Bar No. 49184
Cranfill Sumner & Hartzog LLP
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone:   (919) 828-5100
Facsimile:   (919) 828-2277
Email: rtb@cshlaw.com
Email: rjaouhari@cshlaw.com
*Attorneys for Defendant Bagwell Holt
Smith, PA*

37